# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFFREY TRETTER,**<br><br>       Plaintiff,<br><br>v.<br><br>**ROBERT BRESNAHAN, JR.,** *et al.*,<br><br>       Defendants. | **Case No. 18-cv-03245-MCA-ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the following:

1. **ECF No. 127**- Plaintiff's motion for leave to file an amended complaint and the parties' papers in support and in opposition. (ECF Nos. 127; 129; 130; 133; and 142);

2. **ECF No. 132**- Robert Bresnahan's ("Bresnahan") motion to quash subpoenas and the parties' papers in support and in opposition. (ECF Nos. 132; 141; 144; 170; 172; 174; and 175);

3. **ECF No. 128**- The parties' joint letter concerning a dispute relating to Bresnahan's request to plaintiff for additional discovery following plaintiff's deposition (ECF No. 128);

4. **ECF No. 156**- The parties' letters concerning the deposition of Dr. Charles A. Moore ("Dr. Moore") (ECF Nos. 156; 157; 159; 162; 163; and 164);

**AND** the Court having held a hearing on the motions and applications by telephone on April 2, 2020 (minute entry after ECF No. 175); and the parties having waived oral argument to be on the record (ECF Nos. 176 and 177); and for good cause appearing, the motion to for leave to file an amended complaint and the motion to quash are DENIED for the following reasons:

1.     **Plaintiff's Motion for Leave to Amend the Complaint is DENIED.**

Plaintiff's proposed amended complaint seeks to add: 1) Joseph Sadowsky as a defendant, 2) a claim to pierce the corporate veil of J.L. Sadowsky, LLC to Joseph Sadowsky, 3) a negligence claim against J.L. Sadowsky, LLC, and 4) additional allegations in support of the RICO claim.

The standard to grant leave to amend a complaint is liberal, and "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party[,]" the court retains the discretion to deny a request to amend. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

The complaint was filed on March 7, 2018. (ECF No. 1.) Pursuant to the Court's June 26, 2018 Pretrial Scheduling Order (ECF No. 13), "[a]ny motion to […] amend pleadings, whether by amended or third-party complaint, must be filed not later than 9/7/2018." The fact discovery end date has been rescheduled multiple times and most recently was extended to May 29, 2020. (ECF No. 178.) Allowing plaintiff to amend the complaint this late in the litigation would likely prejudice defendants in that the resolution of this matter would be further delayed and substantial additional legal fees and costs would be incurred for discovery and proceedings relating to the new claims.

2.     **ECF No. 132 - Bresnahan's Motion to Quash is DENIED.**

Bresnahan seeks to quash plaintiff's subpoenas served on Sportech Racing, LLC,

Twin Spires, Inc., and Churchill Downs Technology Initiatives Company. (ECF Nos. 132 and 144).  Plaintiff opposed the motion.  (ECF Nos. 170 and 175.)

Subpoenas "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Adesanya v. Novartis Pharm. Corp*, No. 13-05564, 2015 WL 7574362, at *1 (D.N.J. Nov. 24, 2015).  Rule 26 allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1).  On a motion to quash, it is the moving party's burden to demonstrate that compliance with the subpoena would disclose privileged or confidential information or be unduly burdensome. *Adesanya*, 2015 WL 7574362, at *1.

Discovery in this matter has been extended to May 29, 2020. (ECF No. 178.)  The information sought by plaintiff in the subpoenas is neither privileged, confidential, nor burdensome.  The information sought is relevant to the calculation of the alleged damages suffered by plaintiff.

**Accordingly,**

**IT IS** on this  **13th** day of **April 2020  ORDERED** that:

1. Plaintiff's motion for leave to file an amended complaint (**ECF No. 127**) is **DENIED**.

2. Bresnahan's motion to quash subpoenas (**ECF No. 132**) directed to Sportech Racing, LLC, Twin Spires, Inc., and Churchill Downs Technology Initiatives Company is **DENIED**.

3. Plaintiff shall produce to defendant Bresnahan, within two weeks of this

Order, copies of emails between plaintiff and Jeff Gural, as set forth in the parties' joint letter of February 12, 2020 **(ECF No. 128)**.

4. Plaintiff's counsel and Dr. Moore's counsel shall confer in good faith to schedule the deposition of Dr. Moore. The deposition may be videotaped. Additionally, plaintiff, at his option, can proceed with Dr. Moore's deposition by video conference or in-person. Similarly, Dr. Moore's counsel can attend Dr. Moore's deposition by video conference or in-person. Dr. Moore may make an appropriate designation of his deposition testimony under the Discovery Confidentiality Order (ECF No. 124) at the start of the deposition.

5. The Clerk of the Court is directed to terminate the motions at **ECF Nos. 127 and 132**.

                                                     */s/ Edward S. Kiel*
                                                     **Edward S. Kiel**
                                                     **United States Magistrate Judge**